Good morning. May it please the Court. My name is Ryan Moore from the Federal Defender's Office. I represent the defendant appellate Mr. Ramirez-Ramirez. I'll watch the clock and try to reserve 2 happen for a little. I'll focus on the claim that a district court sitting in a bench trial must announce guilt in court in the defendant's presence, rather than behind closed doors while the defendant's sitting in jail. If there's time I'll also address the claim that a limited remand for complete specific bench trial findings is appropriate because the partial bench trial findings made in this case are ambiguous as to whether the district court misunderstood the law of duress. And thus they don't give this court a clear understanding of the basis of the decision. The district court's practice now for several cases, there have been several cases before this court, of not convening a hearing to announce guilt in a bench trial violates a defendant's Rule 43A right to be present at every trial stage, as well as the defendant's 6th Amendment public trial right. We've urged the court to review this issue de novo, even though those provisions weren't stated in those words below, because he requested a bench trial. And he didn't have any notice that the district court was going to conduct a part of that trial at the decision announcement stage outside of his presence. A later... He said, I'll get you a decision in a few days? Yes. Is that what he said? He did, and that's perfectly... I mean, you could construe that as that he's going to send you a written order. Well, it does suggest that the judge is going to write something. But what the Second Circuit held in the Kennedy case that we've relied on, addressing that exact issue, is that that is consistent, fully consistent, with the judge convening a hearing as well. Nothing in that statement indicates the judge will not convene a hearing. Is this a widespread practice in Tucson? I can't answer that. There is one other case in this court where a different Tucson judge did the same thing, didn't announce bench trial findings in court in the defendant's presence. But this is this judge's second case, and at the time the judge didn't announce the findings here, this court, 11 months earlier, had indicated to the same judge that the better practice is to do that, although it didn't find error in that case, plain error. Even if this court looks at this through the lens of plain error, however, error is plain under Rule 43A because the text of the rule provides that the defendant has the right to be there at every trial stage. But the rule uses the word verdict, and the government argues here that verdict is tied in the context of the rules to a jury's finding of guilt, whereas when a judge does so, it's framed, I can't remember, like findings, decisions, some other term besides verdict. The rule is broader than just the verdict. It says any trial stage, including the verdict. So any trial stage two circuits have held encompasses the district court's announcements of the finding of guilt, and the government hasn't addressed our argument that any trial stage includes the district court's announcement of bench trial findings. And so it really, under this court's rule, should be deemed to have waived that argument. But even if the court isn't persuaded that the language, any trial stage, includes the verdict, and the Supreme Court has stated in a 1975 case, Jenkins, that we've cited, it was a double jeopardy case, that the verdict in a jury trial may be analogized to the judge's findings in a bench trial. And that's what we all know, they are the same thing. So the error should be plain under Kennedy, the Fifth Circuit, and Huntley. No circuit is held otherwise. The government has come up with no case to the contrary. And this court has held that error can be plain based on the plain language of a rule or a statute, or certainly in guidelines cases it's held that. And so because the government has only addressed the verdict aspect of Rule 43, we would urge the court to consider that issue uncontested. Under the third and fourth prongs of plain error view, if plain error view is where we are, then I need to show that there's a reasonable probability of a different outcome. There is in this case, because he was denied the decision to not hold a hearing, convene a hearing to announce the bench trial findings, denied this defendant his last opportunity to request specific findings under Rule 23C. He could have done so earlier, but he didn't have any legal obligation to do so under the rule. How about the verdict? Do you think it would be harmful to the verdict? Yes. And so to take it one step further, how do you request the record here is strongly suggests that the district court did not consider the affirmative defense at all. Because in sentencing, when the defendant asks, even the judge, did you apply the instruction on duress, the judge says, well, the judge agrees with the defendant's statement that the instruction on duress wasn't applicable based on the facts. Not just that it wasn't satisfied that the defendant hadn't met his burden, but that it wasn't applicable at all. And so that strongly suggests the district court was not considering the duress defense. And so had specific findings been made, and that was the judge's finding, as it strongly appears, then that would be sufficient under prongs three and four of the plain error test. Because if the judge doesn't consider an affirmative defense, and the jury could have convicted even though it also found the affirmative defense proved, that satisfies prong three under the Bear case, and under the fourth prong, whereas here the evidence wasn't overwhelming, there was no government rebuttal case, there were no inconsistencies or contradictions in the defendant's version, and we disagree about that, but under the Bear case, the fourth prong would be satisfied. If he had, if Judge Soto had simply said, instead of delaying it, simply said, considering all the evidence, I find you guilty, I'll enter a formal order and schedule sentencing in a separate order, he'd have been okay? Yes. And likewise, the judge could have entered specific findings had they been requested much later. There's no requirement that they'd be done right then. And that's why a defendant can, right then, right before those general findings are announced, request those specific findings. The judge can say, okay, I find you guilty, I'll write something later, send it to you. That would have been enough. The public trial right is also important here, and that's a structural error, so I only need to show prongs one and two of the plain error test, and the error is plain here because the Supreme Court held in Presley that any stage, that the right applies at, quote, any stage of a criminal trial. Obviously a judge can close a trial for a lot of different reasons to the public, but there has to be findings, there has to be reasons articulated there weren't any here. And so there's, it's clear based on Presley and the absence of exceptions articulated that the public trial right applied here. No hearing is a closure when a hearing was required. And issuing a decision on PACER is not a substitute for allowing the public to observe. And the Supreme Court in Waller essentially held that when it remanded because a suppression hearing had been closed, it remanded for a new suppression hearing, noting that the suppression hearing transcript had even been released before the co-defendant's trial. So I'm, I'll reserve the remainder of my time unless, okay. What was your remedy that you were requesting? Alternative remedies, a new trial. The argument for a new trial is that the harm happens at the moment of the decision and that a reiteration later when the judge is in a different frame of mind is not the same and that contemporaneous public review is what's required. And the Rivera case from this court supports that. That was a case where the court ordered a new sentencing because the defendant's family had been excluded. It's the process that was harmed, not just the outcome. But in the alternative, a remand for a public announcement as the Kennedy court did, but with the opportunity at that public announcement for us to request the specific findings under Rule 23. Okay. Okay, very good. Let's hear from the government. Good morning, Your Honors. Terry Christopher, the government. May it please the court. The district court did not plainly err by issuing its specific, or its general finding of guilt in a written order. The defense has not met any of the burdens of plain error review, including that there was no error, it wasn't plain, and it did not violate substantial rights. I actually want to start with the remedies question because I think that's instructive on why we don't have prejudice in this case. If the only remedy that would be appropriate is simply to have the district court come back in an open court hearing and say, I find you guilty, I think that simply demonstrates why we don't have prejudice because that more or less actually did happen at the sentencing when the district court reiterated its finding of guilt in open court. He was still never able to request his, make a request for specific findings. He had ample opportunity to request specific findings. The judge said it was too late when he filed the motion. He did wait too long at that moment. Let me ask you this. How was he supposed to make his request at the time the judge ended the session? He could have made his request at any moment from the time he requested a bench trial until the time the judge held a recess. Do you think it was reasonable for the counsel to think that the judge was going to do it in open court? I think that what the district court said was we'll issue a decision in a few days, and that should have alerted counsel that it would have been a written decision. That doesn't answer my question. Do you think it was reasonable to think that the judge would just convene another session? I think it's reasonable for him to not be certain, and if he's not certain, he can err on the side of requesting specific findings. But I would also note that with respect, we don't care what you think. We want to know what the government thinks. Does the government think this is good practice? The government thinks it is not required that a district court issue the findings in open court. The rules permit the district court to do it either way, and what the district court did here was not error or plain error or prejudicial. Again, looking at the remedies, the court actually did announce its finding in open court at the sentencing, and so really all we're talking about is timing, and that timing simply wasn't prejudicial. The failure to request specific findings isn't even the kind of prejudice cognizable in plain error review because it wouldn't lead to a different result at the trial. The prejudice problem of plain error looks to whether there's a reasonable probability of a different result at trial. When you have to state your specific findings, it makes you think through the evidence and think through why it is you're finding the defendant guilty. True, but— I mean, I had to do that more than one time when I was a district judge. While that's true, there's just simply no probability in this case at all if the judge would have completely changed his mind and found the defendant not guilty simply because— That may be the case, but still it requires the judge to think through the evidence and to think through what the issues are, to think through why it is he's finding the defendant guilty. You're on your own, you know, and you've got to evaluate the evidence and the legal rules. That simply isn't enough to meet the standard on plain error review. So you don't think the judge should have to face the defendant when he finds the defendant guilty? I think it's not required that he do so. I asked that in my question. I said, do you think—you don't think that the judge should have to face the defendant when he finds the defendant guilty, or the government apparently doesn't think that? The government's position is that this isn't required, and that's what matters for plain error review is whether it's required and then whether it's— Do you think there's any difference between the judge facing the defendant when he imposes a sentence or when the judge faces the defendant and announces a finding of guilt? I don't think that the presence of the defendant would make— In either scenario? The judge simply isn't going to give a different answer because he has to look the defendant in the eye. There's no chance that the judge who was going to find— Well, let me ask you, why do we require the defendant to be present when the judge imposes a sentence? Why do we require his presence? Well, I think that the sentencing, since he has to be taken into custody and he has to give the reasons for that sentence which are required in a way that they aren't by default with the stage of guilt, that it makes more sense to have to articulate those reasons to the defendant in his presence. But it's still the case of sentencing under Rice that his presence wouldn't be prejudicial if he weren't there. Rice actually held in an en banc decision of this court that a jury can issue a death sentence outside the presence of the defendant. That was kind of a unique case. The defendant had been present when the jury returned its finding of guilt. But the issue was whether it was harmless error or not. It wasn't a habeas proceeding. It still wasn't harmless, and the standard here is more differential since we're on plain error review. And there's no violation of substantial rights if the defendant's presence wasn't going to make a difference at the proceeding. And again, there's just no chance that a judge is going to change his mind on the bench simply because he has to look the defendant in the eye. I guess what bothers me about this case is that we had issued an unpublished decision involving the same judge in which we didn't command that he do things differently, but we certainly gave a strong indication that the better practice was to avoid the exact situation we're in now. That was issued before this trial, if I'm remembering right. And yet the judge just did the same thing again. You make your argument that, well, there's no error, there's no prejudice here, and I guess we could just affirm yet again that that's what we did in that earlier case. But to gain some change in practice, it seems to me maybe some stronger medicine is warranted here. What is your response to that? My response is that under plain error, this court doesn't reverse just to send messages to the judge to engage in better practice. The question is whether there was a plain error that actually violated the defendant's substantial rights. If there wasn't a plain error or it didn't violate substantial rights, the remedy of reversal is too strong of a medicine for that case. Well, can I just point out, though, that according to you, there will never be a case in which somebody can show prejudice because you just said that the judge will never come up with a different verdict or a different finding just because the defendant is present. So it seems to me that the government has taken out a position in which judges, even if we were convinced that actually the defendant's presence is needed and it's certainly the better practice, every single one of these cases in which that's violated would just result in an affirmance on harmless or no plain error. So you're just saying, basically, judges can just keep doing this with no consequence, right? That, to some extent, is how the plain error standard operates. Perhaps if there were a different standard of review, it might come out differently. But under plain error, the defense has the burden to show prejudice. And if something is never prejudicial, then it shouldn't be reversible. So that's why we have plain error. So should we conclude that this particular judge doesn't care what the circuit says about better practice? I can't speculate about what the judge is thinking. I only know that the prior decision did not say that this was required to hold it in open court. We said it was better practice, which is an encouragement to this particular judge, to refine his practices, don't you think? Perhaps, but it's still not a finding of error. So you want us to affirm once again, so not only does he have one instance in which he's been told it was not the better practice, but whatever the result in this case, I can assure you that at least one judge is going to tell him that this is not the better practice. So it reinforces this kind of behavior. It tells us that this district judge is saying, I don't care what the circuit says. What's your response? This court reverses for error and not for bad practice. So whether the judge could engage in better practice or not is still not a basis to reverse the conviction of a defendant who was convicted through a fair trial. And so that's why I say that it's too strong of a medicine in that case. If we don't have error and we don't have plain error and we don't have prejudice, then under the test, we don't have reversal. So if he does it a third time? If it's not error or plain error, there's no basis for reversal. Fourth time? Ten times in a row? If the trial was fair. Still okay? At least for purposes of appellate review, that would not be a basis for reversal. Of course, the rules can be amended, and there are other processes by which courts can be instructed to do things. There certainly is. We could instruct the clerk to send this case back to a different judge. Now, your opponent has not asked for that, but that's something we could do. We have every power to do that. The court has a variety of remedies to do things, but one of those is not reversal when there's no error, plain error, or prejudice. We hear the recording. So, again, like I was saying, I think the remedy bears that out. If all the court will do is just announce something in court that it already said and wouldn't have made a difference. If this court has no further questions, we respectfully request that you affirm the conviction and sentence. Thank you. Thank you. Let's put a minute or, yeah, let's just put a minute on the clock for rebuttal. Thank you. Two responses within a minute. The government has repeatedly argued that the prejudice prong, the plain error standard, is not satisfied. The Sixth Amendment public trial claim doesn't have any prejudice prong. Okay, if that's error, the prejudice is presumed. Third and fourth prongs are satisfied under this court's case law in Becerra. The government argues that there's no chance a judge would change his mind. That, first of all, you know, I would put the court to this. We really don't know that, do we? Because if the judge had responded affirmatively to your client's request for more specific findings and it turned out that there was not support in the record for one or more of the findings, then you could have proceeded accordingly, right? That's what you were deprived of. Yes. But, you know, the judge could have changed his mind at the hearing. And what I point to the court to is the Rivera case, where the court's reasoning is what matters here. And in Rivera, the court held that a public trial violation occurred because I'm over, because the defendant's family had been excluded at the sentencing hearing. And the reason the court said that is not trivial and thus is a violation is that the family's presence can affect the judge. And it can affect the judge because it reminds the judge that the decision affects the broader community. That reasoning here is why the defendant's presence and the public's presence matters at the rendition of the verdict. Okay. Thank you very much. Thank you. The case just argued is submitted.
judges: HAWKINS, PAEZ, WATFORD